IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORTHY I. FINCH, | ) |
|               Plaintiff, | ) |
| v. | ) Civil Action No. 04-1856 |
| CHARLES A. BUECHEL, JR., ESQUIRE, RICK SAMUEL FERRIS, D.O., JUDGE MAX BAER, | ) Judge Thomas M. Hardiman |
|               Defendants. | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

*Pro se* Plaintiff Dorthy Finch (Finch) brought this action alleging various improprieties in a medical malpractice action she prosecuted in the Court of Common Pleas of Allegheny County, Pennsylvania. Finch has sued her former doctor, Rick Ferris, D.O. (Ferris), his attorney Charles A. Buechel (Buechel), and Judge (now Justice) Max Baer for civil rights violations pursuant to 42 U.S.C. §§1981, 1982, 1985, and 1986. Finch also asserts a state law claim for intentional infliction of emotional distress. Since Justice Baer and attorney Buechel were dismissed from the case on January 27, 2005, the only pending matter for consideration is Defendant Ferris' motion for summary judgment.

II.     **Facts**

The following facts are derived from the evidence of record and are taken in the light most favorable to Finch, the non-movant. *See Strozyk v. Norfolk Southern Corp.*, 358 F.3d 268, 277 n.7 (3d Cir. 2004). Prior to the commencement of the present action, Plaintiff filed a medical malpractice suit against Dr. Ferris in the Court of Common Pleas for Allegheny County, Pennsylvania, captioned <u>Dorothy I. Finch v. Rick Samuel Ferris, D.O. and St. Francis Medical Center</u>, No. GD 97-5997 (State Case). Finch, acting *pro se*, consented to a bench trial before then-Judge Max Baer, which was conducted on November 27, 2002. Judge Baer ruled in favor of Dr. Ferris on all claims and Finch's appeals were denied.

On December 7, 2004, Finch filed suit here alleging various improprieties in the State Case. Specifically, Finch alleges that she was discriminated against and deprived of constitutional rights because of her status as a *pro se* litigant in violation of 42 U.S.C. §§1981 and 1983; that she was the victim of a conspiracy to violate her civil rights in violation of 42 U.S.C. §1985; and that Dr. Ferris intentionally inflicted emotional distress upon her.

Discovery has been completed in this case and the record reveals that Dr. Ferris had no contact with Judge Baer apart from his appearance at the trial of the State Case. Moreover, Finch's Complaint does not allege, nor do the facts developed in discovery at all support, that she suffered any constitutional violations because of her race. Rather, Finch has asserted that her constitutional rights were violated because of her status as a *pro se* plaintiff.

2

### III. Discussion

Legal submissions of *pro se* litigants "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, (1976), *reh'g denied*, 429 U.S. 1066 (1977) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Accordingly, this Court will construe Finch's submissions in the light most favorable to her.

Summary judgment is required on an issue or a claim when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986); *Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). An issue is "material" only if the factual dispute "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

"Summary judgment procedure is properly regarded not as a disfavorable procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted). The parties have a duty to present evidence; neither statements of counsel in briefs nor speculative or conclusory allegations satisfy this duty. *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). After the moving party has filed a properly supported motion, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must make a showing sufficient to establish the existence of each element

3

essential to her case on which she will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322-23.

    A.    *Section 1981 Claim*

Finch claims that Dr. Ferris discriminated against her in violation of 42 U.S.C. §1981. In order to survive summary judgment on this claim Finch must "set forth specific facts showing that a genuine issue of material fact exists. . . . Speculation and conclusory allegations do not satisfy this duty." *Ridgewood,* 172 F.3d at 252 (citations omitted).

To maintain a cause of action under §1981, Finch must show that she belongs to a racial minority and was intentionally discriminated against in respect to one or more of the protected activities because of her race. *See Pryor v. NCAA*, 288 F.3d 548, 569 (3d Cir. 2002). Here, the record is devoid of any indication that Finch's race played any role in the alleged violations of her constitutional rights. Indeed, Finch has asserted consistently that her status as a *pro se* litigant led to her purported injuries. Finch has failed to establish any facts indicating that Dr. Ferris exhibited discriminatory intent towards her on the basis of her race. Accordingly, Dr. Ferris is entitled to judgment as a matter of law on Finch's §1981 claim.

    B.    *Section 1983 Claim.*

To maintain a cause of action pursuant to 42 U.S.C. §1983, Finch must show that "some person has deprived [her] of a federal right" and that "the person who has deprived [her] of that right acted under color of state or territorial law." *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). The plaintiff bears the burden of proving that the defendant is a state actor under §1983. *Groman v. Township of Manalapan,* 47 F.3d 628, 638 (3d. Cir. 1995) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)).

Private parties are not automatically insulated from liability under §1983. When a §1983 claim is asserted against a private party, however, "the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law. 'The inquiry must be whether there is a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993)(quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 , 351 (1974)).

The facts of record demonstrate the absence of a nexus between Dr. Ferris and any state actor. Dr. Ferris testified that he did not have any contact with Judge Baer prior to the State Case. Therefore, nothing Dr. Ferris did in defending himself occurred "in conjunction with state officials" or is otherwise attributable to the state. Finch's failure to establish any nexus between Dr. Ferris' conduct and any deprivation of her rights "under color of state law" represents a complete failure of proof regarding an essential element of her §1983 claim. *See Kost*, 1 F.3d at 185. Therefore, Dr. Ferris is entitled to judgment as a matter of law on Plaintiff's §1983 claim.

C.   *Section 1985 Claim.*

Though Finch does not specify in her Complaint which subsection of 42 U.S.C. §1985 she invokes, it is clear that only two portions of the statute could potentially apply to her case. Section 1985(1) is inapposite to Finch's claims, as it only pertains to interference with officers of the United States. Likewise, the first clause of §1985(2) does not apply because it pertains to conspiracies to intimidate witnesses, jurors or parties in a *federal* case. If Finch is to find relief for her alleged injuries under §1985, she must look to either the second clause of §1985(2) or §1985(3).

5

The second clause of §1985(2) prohibits conspiracies to obstruct "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. §1985(2).  Section 1985(3) prohibits conspiracies entered with the "purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. §1985(3).  The United States Court of Appeals for the Third Circuit has held that the essence of a valid claim under either of these provisions is that the defendant must have acted with class-based, invidiously discriminatory animus. *See Brawer v. Horowitz*, 535 F.2d 830, 839-40 (3d Cir. 1976)(addressing the second clause of §1985(2)); *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)(addressing §1985(3)).

Regardless of which of these two subsections of §1985 that she seeks to invoke, Finch cannot prevail on her claim because she only asserts "class-based invidious discrimination" as a *pro se* litigant.  The United States Supreme Court has held that the classes protected by §1985 are narrowly drawn, and are limited to victims of racially motivated conspiracies: minorities and their political supporters. *See United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 837-39 (1983); *see also Silo v. City of Philadelphia*, 593 F. Supp. 870, 873-74 (E.D. Pa. 1984).

A class of *pro se* litigants does not satisfy the narrow definition of those protected by §1985. *See, e.g., Eitel v. Holland*, 787 F.2d 995, 1000 (5th Cir. 1986)(holding that *pro se* litigants are not a class protected by §1985), *aff'd on reh'g*, 798 F.2d 815 (5th Cir. 1986), *reh'g denied*, 801 F.2d 398 (5th Cir. 1986)(en banc); *Silo*, 593 F. Supp. at 874 (same).  As such, Finch has failed to establish that she is a member of any class protected by §1985(2) or (3) and Dr. Ferris is entitled to judgement as a matter of law on this claim as well.

6

## IV.  Conclusion

The record is devoid of any genuine issue of material fact regarding any of the federal claims that Finch has asserted against Dr. Ferris.  Furthermore, the Court, pursuant to 28 U.S.C. §1367(c)(3), declines to exercise supplemental jurisdiction over Finch's state law claim for intentional infliction of emotional distress.

An appropriate order follows.

_____
Thomas M. Hardiman
United States District Judge